Middleton, J.,
dissenting. It is with regret that 1 find it necessary to dissent. I can agree with most of what is said in the majority opinion as a theoretical statement of the effect of splitups or issuances of dividend shares upon the interest of a shareholder in a corporation at a specific time. Most of the cases discussed are tax cases in which consideration is given to the holdings of a shareholder at a specific time. Such is not the problem posed in this case.
Here the husband died in 1939. Nine years elapsed before the number of shares was changed — in 1948. Meanwhile the corporation functioned and made money. The exhibits show that, by earnings, its surplus was increased by over $1,500,000 in the single year of 1946. If in the majority opinion consideration is being given to the assets of the corporation in which the wife held an interest by way of corporate shares, then those assets in 1948 were entirely different from the assets in 1939 and still more different in 1951 when the wife died.
If corporate shares are to be considered property distinct from the assets of the corporation, then it is obvious that only 1,350 shares could constitute the identical property inherited by the wife in 1939.
With no intention to be discourteous, I am impelled to say that the majority opinion elaborately argues the obvious but ignores the facts of this particular case.
*423 When Section 10503-5, General Code, was amended in 1941 by the insertion of the word, “identical,” its application was definitely limited. That key word was added in the statute after this court had twice held that nothing but identical property was covered by the old statute which did not contain that word. Certainly after the amendment it can no longer be argued that property equivalent to that which was received by the relict from a deceased husband or wife can be considered as covered by this so-called half and half statute. Nothing but identical real estate or personal property comes within its terms. A strict and not a liberal construction is required.
This case illustrates the difficulty of determining the identity of property many years (12 years in this case) after the death of the original owner. Perhaps that difficulty is greater with respect to corporate shares than with respect to any other type of property. Corporate shares are intangible property. While they can undergo no physical change, they change in value from day to day. The physical property and the business done by the corporation, both of which factors give value to the shares, change from day to day. It is extremely doubtful whether corporate shares constitute a type of property to which the half and half statute can be applied. Unless the 1,350 shares which were received by the wife in 1939 and which remained unchanged as shares are to be considered the identical property, we must conclude that there was no property in 1951 which would be considered identical with that which the wife received in 1939. It is my considered opinion that in the instant case identity can not be established and that no portion of the corporate shares held by the wife when she died in 1951 would pass under the half and half statute.
Hart, J., concurs in the foregoing dissenting opinion.